

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Morris Hassell
County Attorney
Cherokee County
Rusk, Texas

Dear Sir:

Opinion No. O-5158
Re: Eligibility of director of
a bank which has been desig-
nated as depository of an
independent school district
to serve as a member of the
Board of Trustees of said
district.

We are in receipt of your letter dated March 23,
1943, requesting an opinion of this department on the above
captioned subject from which letter we quote:

"Replying to your letter of March 12, 1943,
and in accordance with Article 4399 of the Re-
vised Statute and Article 334 of said statute
and for the purpose of clarifying your opinions
heretofore given by the Attorney General's de-
partment of the State of Texas, I submit to you
for your decision the following question:

"In August, 1941, the Rusk Independent
School District entered into a contract with
the Citizens State Bank, of Rusk, Texas, de-
signating and approving said bank as the school
depository for said school district. There-
after, in April, 1942, a large majority of the
voters of the Rusk Independent School District
wrote the name of James I. Perkins in the offi-
cial ballot in the school trustee election in
said district. He was elected a member of the
said school board during his absence and with-
out his knowledge that such action was being

742

taken. Upon his return he was induced to qualify for trustee of said school district for the reason that he was President of the Rusk Chamber of Commerce and it was thought he would be of considerable benefit in serving on the school board.

"For several years and during all of the above mentioned time, as well as at the present time, the said James I. Perkins has been a member of the Board of Directors of the Citizens State Bank, of Rusk, Texas, and the question now presents itself for your decision as to whether or not the said James I. Perkins would be disqualified from serving on said school board. The depository contract with the Citizens State Bank having been made long prior to the election of the said James I. Perkins and being a contract to continue until August, 1943, the said James I. Perkins was in no manner involved in the depository election and could not at this time legally do any act or thing to invalidate or impair, or increase or decrease any liability or advantage existing in favor of the said bank with reference to the said school depository.

"In view of the above admitted facts and in view of the opinion of the department rendered by Glen R. Lewis dated April 22, 1939, opinion No. 0-667, directed to Hon. Truett Huggard, County Attorney, Canton, Texas, pretaining to a school matter, I am constrained to feel that the said James I. Perkins would not be disqualified to serve as trustee during the existence of the present contract which expires in August, 1943."

The Attorney General's Department in an opinion dated September 16, 1929, to Honorable S. M. N. Marrs, State Superintendent of Public Instruction, fully considered a situation analogous to the situation presented in your letter requesting an opinion on the subject in question, said opinion reads:

Honorable Morris Hassell, Page 3

"Honorable S. M. N. Marrs
State Superintendent of Public Instruction
Austin, Texas

Dear Sir:

"This will acknowledge receipt of your letter of September 10th, addressed to the Attorney General. By this favor, you ask the opinion of the department as to whether a stockholder or director of a corporation serving as depository or treasurer of an independent school district would be eligible for appointment and qualification as trustee of said school district.

"We are of the opinion that the two positions present such a conflict of interests as to prevent the holding of the two relationships at one and the same time. The trustees of an independent school district have as part of their duty the task of seeing that the treasurer or depository properly manages the fund and moneys of the school district. It is also incumbent upon the trustees to see that the school funds are properly protected by bonds and that the solvency of the bonds and also the solvency of the institution should be watched after to the end that the moneys may always be properly protected. Innumerable instances could be recounted where the pecuniary interests of a stockholder in a corporation would sway the trustee to an act of favoritism, at least that an unbiased and non-interested trustee would resolve against such depository or treasurer; without attempting to enumerate these various objections we conclude that upon the grounds of public policy the two positions are incompatible and that, therefore, we must answer your question by saying that a stockholder or officer of a corporation acting as a depository for an independent school district would not be eligible for appointment or election as

Honorable Morris Hassell, Page 4

trustee of said school district . . . ."

We think that the quoted opinion states the law correctly, and applies to the situation set out in your letter.

What is said in the above quoted opinion is not in conflict with the opinion of this department rendered by Glenn R. Lewis on April 22, 1939, Opinion No. 0-667, directed to Honorable Truett Huggard, County Attorney, Canton, Texas, because Opinion No. 0-667 relates to a different state of facts. In Opinion No. 0-667 it was correctly held that a teacher's contract, being valid when entered into, remained so notwithstanding a relative of the teacher thereafter became a member of the school board.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

E. P. Price,
Assistant

EPP:ff

APPROVED MAR 30 1943

ATTORNEY GENERAL OF TEXAS

O.K.
C.A.R.

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN